Good afternoon, your honors. I would like to reserve five minutes of my time for rebuttal. How much did you want to reserve? Five minutes. Five minutes. Thank you. Your honors, my client was charged with failure to register as a sex offender within the District of Massachusetts and elsewhere. In some ways, this indictment shows the problems with how these registration requirements and what constitutes an offense is problematic in the way it was handled by the District Court. My client did not have an obligation to register in the District of Massachusetts. That is conceded by the government and that was made clear in U.S. v. Nichols. You mean re-register once he left? Correct. Let me start with a simple question. Hypothetical. Let's assume your client decided when he left he was going to get into a travel trailer and travel the country and goes to no state for more than two days. Did he have to register anywhere? No. Would he have had to tell Massachusetts that he had left at that point? I don't believe so if it wasn't a residency change. Well, what if his own internal decision was I'm going to move. I don't know where I'm going to move to and I'm going to take my travel trailer and go from state to state spending a couple of days but not three days, which is the registration requirement. Are you arguing he had no obligation to Massachusetts? Or anywhere, your honor, at that point. Well, he would have been started out with his registration in Massachusetts. But didn't he have some obligation to say I am leaving with never intending to come back, even though he doesn't establish a new residence as he's going looking for one? Not under the way the law is written, your honor, as I read it. But I will just, on that hypothetical, any of those states, if he did eventually, let's say go to New Mexico or go to California, any of those states could prosecute him. And that's the problem. And that's why this has to be overturned. One thing to understand, there's no mens rea requirement for the travel, right? That's correct, your honor. What is the, as you, I understand the travel has to be sequential. So it has to be before the registration requirement kicks in and after Sona's enactment. Correct. Yes. I'm trying to figure out if there's any other relationship, because it may be, to me, relevant to the question of how I characterize the element for purposes of the venue analysis. So if a person moves within Massachusetts, thereby triggering the registry requirement, registration requirement, right? But works in New Hampshire, so every day they cross the line to go to New Hampshire. If that person fails to register upon moving within Massachusetts, is that person criminally liable under the federal statute because they engage in interstate travel in the interim? Do you follow? No. I'm in Massachusetts. I'm in Massachusetts. Yes. I move. Yes. In Massachusetts. In Massachusetts, yes. So that triggers a registration requirement. Well, you're already registered in Massachusetts. Change of residence doesn't it change, trigger a new? You just have to update. No. You're already registered. I understand. Yes. Okay. But I have to update. Yes. If I don't update, and there's interstate travel, aren't I liable under this statute or not? No, not if you've moved out of, within, you would have to update within Massachusetts. If you go outside of Massachusetts. Under this federal statute, if I don't update my residence within Massachusetts, and I engage in interstate travel, am I liable under the federal statute? Not if you move out to a different jurisdiction. That's what Nichols is talking about. You don't have a registration requirement. You're not answering my question. Okay. I'm sorry. I'm in Massachusetts. I'm not moving out of Massachusetts. I'm staying in Massachusetts, but I moved to a new house in Massachusetts. Correct. Okay. That triggers a new requirement under SORM. An update requirement. An update requirement. Yes. If I engage in interstate travel in that interim period, does this federal statute apply or this only applies to registration, not updating? The one that he's been charged with was a failure to register and update. So my example stands, so I can understand what the interstate travel element is doing. I moved in Massachusetts, so I have not left the state. Correct. But I have a new obligation under this provision to update. Correct. If I don't update, but in the interim, after the move, before the requirement to update has expired, right, or before it's expired, I travel interstate because I work in New Jersey, I travel. I don't think so, Your Honor, because you don't have, the interstate travel is the jurisdictional element that allows the federal. Now, there may be state repercussions for that. But I'm trying to figure out what is the test for limiting interstate travel. It occurred sequentially at the right time. There's no mens rea requirement. You're now telling me there's some relational requirement or something between the interstate travel and the obligation under SOILA? No, but what I'm saying, and I'm sorry if I've been confusing, what I'm saying is that the interstate travel is a jurisdictional federal authority element. Because otherwise, what happens historically. What does it have to connect to? That's our point. It doesn't connect. So you would say that you could be liable even in that setting under the statute. That may help your venue argument. Yes, I am, and I think you would be, even though there hasn't been an interstate. You have an obligation to update. Okay. Is there a difference between a state convicted defendant and a federally convicted defendant on Judge Barron's hypothetical? I think both of them have an obligation to update. Either way. Either way. I realize that there's an obligation to update, but the question is, can one of them be prosecuted under the federal statute? Yeah. And interstate travel makes you subject to prosecution under the federal statute. Correct. What kind of interstate travel? I went to visit my grandmother in the interim. Is that enough? Not in my view, Your Honor. What? Not in my view. So what test would you apply to explain why, even though the statute just says interstate travel, and Carr just said it has to be sequential, and there's no mens rea requirement, what is the test you would apply to narrow that? Because that might bear on whether the element is a basis for venue. Yes, and we would narrow to being out of state from one state to the next state. It is out of state. I flew from Massachusetts to Florida to see my grandmother. Right. That's out of state. Right, as part of the residency. So it has to be for purposes of triggering the sort of requirement. Well, the statute doesn't say that. But you read it to say that. I read it to say that. Okay, so if that's the case, doesn't that tend to make the element more related to the conduct that the government was after, and therefore make the beginning of the travel more of an issue? To your point, the issue is that the act of actually being in interstate commerce is not an offense. You have a right to travel. The question is, when do you have an obligation? Neither is being a former felon. Pardon me? Neither is being a former felon. It's only when you possess the gun that you become a felon in possession. Right, and that's when you have a crime. Okay. But you don't have that until you actually go to New York, wait three days, and fail to register. But that's also true in 924C. Until you do the crime of violence, there's no crime of violence under 924C. Yet the court says, under 924C, that you can prosecute the person for the conduct that began in one state, even though it was completed in another. Why is this different? Actually, I think the courts are really talking about how that is, in fact, a jurisdictional, government-federal authority issue in terms of interstate commerce, because that's what makes the felon vengeance. It would be felon venue in the 924C context, based on the gun being used in one place, and the kidnapping ending up somewhere else without the gun. Right, and that could also have been because the gun was in interstate commerce, without there even being a trial of the gun. That's not what the rationale of the case was. But in a technical sense, that would happen. In fact, the issue that Carr was trying to distinguish was the notion of interstate commerce as a form of jurisdictional element. I'm thinking of other venue cases. The 924C venue case. You know it. Are you talking about during and relation? Yes, exactly. That's not interstate commerce. It has nothing to do with interstate commerce. It's whether the gun was used during and relation to the offense. The crime of violence was the kidnapping. But the offense itself, I believe, also requires interstate commerce, that the gun had to be in interstate commerce. And I think that's where there's the difference. That becomes a jurisdictional element. And that's what, because what Carr, in fact, Carr says something that's really is that if Congress intended to subject any unregistered state sex offender who has ever traveled in interstate commerce to federal prosecution under 2250, it easily could have adopted the language to that effect. But they didn't. There is no mens rea requirement. If the aim, which has been used by the government and cited in the Carr case, was to have some federal authority over these offenses, that in itself doesn't mean it's a conduct element. What it is is that we see a federal problem. This is how the feds work. We see a federal problem. Do we have some jurisdiction over it? Hobbs Act, interstate commerce. This is the means of getting to it. But that doesn't mean that that's the beginning of the crime. Because the crime doesn't begin until three days after my client is in New York. Because he is allowed to be there. He is allowed to be in interstate commerce. He is allowed to be there. And he has three days to register. So there's nothing that happens in Massachusetts that would be the beginning of the crime that would require a venue. So in your view, is the government just picked the wrong place? They could have called New York. They could have brought the action in New York. Well, they could have, if they had that jurisdiction on their own world, but certainly would have been phone called to New York. And that's the thing, from a policy perspective. When you look at the Haslund case, Haslund looks at Carr. But that stands alone. It does stand alone. But even though it's a two-way decision, it was the chief judge of that court that wrote that opinion. And in some ways, I felt like Haslund was the one calling out that the emperor has no clothes. Nichols tells us that you don't have that obligation in Massachusetts. The government had to concede that, even though they're in indictment, says Massachusetts. But when does the crime begin? Three days after he lands in New York. That's when the crime begins. And as the court in Haslund suggested, from that time on, there may be an argument that it begins in New York, and then when he gets in his trailer and he travels to California or New Mexico, hopefully in warmer weather, and that becomes a continuing crime. You don't have that initial nexus in Massachusetts. Thank you. Thank you. Good afternoon, Your Honors. Kelly Lawrence for the United States. Venue in Massachusetts is proper in this case because the travel, the interstate travel under the SORNA statute is an essential conduct element. If I could, I could jump right into Your Honor's question about what is the limiting principle that would cause it to be a conduct element and not merely a jurisdictional element. Carr did not answer that question definitively. Just to be clear on terms, the question for me is not whether it's jurisdictional, it's whether it's a circumstance element. Circumstance versus conduct. So was it just a circumstance, the defender, that he had possibly traveled in interstate commerce at some point? So Carr doesn't answer the question definitively, but the dicta and the conversation and the whole basis for Carr's holding, leading up to Carr's holding, suggests that there is a limiting principle involved when you read the SORNA statute. Starting with reading it sequentially, which does not go all the way, that's why Carr was necessary to decide the question of whether the travel had to come before or after SORNA. And Carr doesn't take you all the next step either to say how close in time does the travel need to be to the failure to register. But I think you can glean from Carr and certainly the other circuits that have held venue proper under this theory that travel isn't a conduct element, that the interstate travel needs to have some relationship to the failure to register. So in your earlier hypothetical about the endless vagabond traveling across the country and never settling in any one place for more than two days, I have two answers. One, at some point under the statute, you could interpret the terms resides to say that at some point after abandoning a residence in one state and traveling endlessly, that person is residing in the car or with a van that he's living in. And that would trigger a requirement because the residence has, in fact, changed. Trigger a requirement to re-register in Massachusetts? Or where? He would have to register wherever he is then because it's been more than three days since his residence changed. But not if he hadn't been there three days? Not in any particular place, but he'd have to pick one because his residence had changed from Massachusetts. So your argument is that once you leave Massachusetts, even though you're an itinerant, never staying more than two days, you have to pick a place and register there, even though the day after you register there, you're somewhere else? The statute says you must register in at least one jurisdiction involved. And we know from Nichols that Massachusetts, the place he left from, would no longer be that jurisdiction. Okay. With respect to the question I asked, if I'm in Massachusetts, I move within Massachusetts and update to therefore triggering the update requirement, and I travel in the interim, just travel, go to New Hampshire for the day and come back, is that enough to now make me liable if I don't update my residence in Massachusetts? Under your hypothetical, if the travel is occurring every day to go to work and you're not, yes. That suggests to me it must be a circumstance element because that travel has zero to do with the registration. But we don't know that. So the statute is set up to capture the unregistered or missing sex offenders who move from state to state. I understand that from the defendant's point of view, the person is commuting to work each day. But from the law enforcement and community safety point of view, they don't know that. The defendant leaves to New Hampshire, but he doesn't come back to his community. He goes somewhere else and doesn't tell anyone. So from the government's perspective, he is as much a risk and SORNA should apply as much to him. Even if he only took one trip within the three-day period and the rest of the time he was in Massachusetts? Yes. Because he's moved. And so the community that he was living in and the community that he's now living in is not aware of his sex offender status, which is the purpose of SORNA. But within the three days, he's allowed to. He hasn't done anything. He has failed to update his registration within three days, correct? No, he doesn't have to. I'm sorry. On the second day, he doesn't have to. Then I misunderstood your hypothetical. On the first day, he goes to New Hampshire. On the second day, he comes back. Now he's back in Massachusetts. He traveled in the interim. Under CAR, that would seem to be enough. Is it enough in the government's view that just that travel on day one comes back for day two and three, then doesn't register because he failed to update, still living in Massachusetts? All his travel was because he had heard there were a nice foliage in New Hampshire. Is that enough to now say he's live under the statute? I believe that a strict reading of the statute would say yes. That seems to me to strongly suggest it's a circumstance element because there is nothing about that travel that has any relationship, even conceivably, to the obligation and the failure to meet it. But there's more to that, and it's temporally related, for one, which is important, and that's what CAR teaches us. There's some temporal relationship. Granted, CAR talked about time. That doesn't mean it's not a menu. It does not. So if we look at menu cases, what authority do you have to suggest that purely a temporal relationship, having nothing to do with anything else, not mens rea, not the likelihood of the conduct occurring, but just happened, is not a circumstance but is essential conduct? Because this is something the defendant has to do himself, and he's making a choice. That's true in a felon possession case. We have precedent that says if I commit a felony in New Jersey and I own a gun in Virginia and I committed the felony ten years before, two days before, it doesn't matter. You cannot hold me, you cannot have venue in the place of the felony because the crime isn't completed until I have the gun in the new state. So why isn't that? That just shows that if I committed the felony, it was my conduct, just like I traveled. But we don't say that the committing of the felony is essential conduct. We say it's a circumstance. Why isn't the travel just a circumstance? The travel is different because it is linked in the statute itself. It says travels in interstate commerce and thereafter fails to register. Felony in possession is linked. I understand Your Honor's point, and the hypothetical that you present is an interesting set of facts, and under this it seems anomalous that there would be a prosecution based on that kind of travel. I would say as a practical matter, that is not how the prosecutions occur, and there are no cases where that would, in fact, occur. But the point of it is that the statute is designed in a certain way, and there could be ways to enforce that statute that seem contrary to its purpose, and your example, I think, is one of those. In general, I'm sorry, Chip. What troubles me about this entire area is the federal statute, I think, is designed to have notice where are these people located so that you can keep a handle on them. Your answer to some of the questions has seemed to say that that's really not important. What's important is if you move, if you register somewhere. Well, somewhere doesn't help. So what's the disconnect? When you say the statute is designed to have a handle on them, you're referring to the place that they left from? You start with the place they left from, then they go their itinerants going to a lot of different places. You said, well, they've got to register somewhere. That doesn't solve the problem of notice, keeping control of them, knowing where these people are. The statute is designed to keep a handle on the people so that local law enforcement knows that I have a sexual predator in my jurisdiction. It's not enough just to say, at least it doesn't seem practical to me to say, well, I answer the statute simply by registering somewhere. I agree, Your Honor. Again, the hypothetical of the itinerant who never settles anywhere more than two days is a set of facts that I think the statute applies to technically, but it's difficult to square with the purpose. And the purpose is to have registration and ongoing updated registrations. And a person could, in theory, evade prosecution by being an itinerant traveler. A person could also potentially be prosecuted for, as you say, Judge Barron, if his travel was just to go look at the leaves in New Hampshire and then he fails to register. So there are extremes. But for purposes of measuring for venue, does the government agree that the right question is, is this a circumstance element or an essential conduct element? Yes. Okay. So for purposes of evaluating whether it's one or the other, I would have thought the right way to think about it is, what does it encompass? So if it encompasses things that make it seem like it's a circumstance element, that would tend to suggest it is one. I would respond that your example clearly suggests that it's a circumstance element. I would suggest that there's many other indications in the statutory language. What else? All the languages, as it says, sequential and interstate. There's no mens rea. There's no in relation language. There's nothing. There's just it happened. But if you start from the statute itself and you look at what it is, it's travel and it's failure to register. So if we take the general approach. I take that point, but there's felon and there's possession. And we have precedent saying a felon in possession, the felon part of it, is a circumstance element. So I'm trying to understand why is the travel not a circumstance element if the commission of the felony is? We have three elements here in the SORNA statute. I would suggest that the is a sex offender required to register or is required to register under SORNA is like is a felon, whereas travel is like possess. You have to travel in interstate commerce. It's different from the gun in interstate commerce. I would have thought the failure to register would be like the possession. It is as well. I argue there are two conduct elements here. But being a felon is a conduct. It's a state. It's a circumstance I think more akin to has been convicted of a sex offense. You are. Because it's passed. It's exactly like that. You are a felon already by virtue of a conviction in any court. Okay. I get it. If there are no further questions, we ask that you affirm the judgment. Thank you. Could you address that last distinction? Yes, I can. But I think the distinction is being a felon is a past condition. So that's also like the ill-gotten goods in the money laundering venue case, whereas travel is an active present conduct. So therefore it makes it like it's essential conduct. I think it's more akin to being a status as in a felon. And the purpose of that in this case is to have the federal jurisdiction. Your honors questions were very revealing, and I thought back on my responses with respect to the nexus between the interstate and the offense. It's simply one before the other. You're right. It's sequential. But there is nothing else. It doesn't say that you have to have an intent, that you travel in interstate commerce with an intent to evade registration. And it doesn't say that it has to be within a certain amount of time. And I think your honors questions really reveal the problem with treating this as anything other than circumstantial. And my own view or thought as I was listening to the exchange is what would the jury instructions look like? It would just say travels in interstate or foreign commerce. And that is essentially a circumstantial situation. And that the crime itself, and by the way, that's not a crime, but the crime itself begins those three days later. And that is essential. And just for the record, my client registered his car in New York, his license in New York, all of his information in New York. There was an issue about whether or not he had to register in New York because this was a 25-year-old crime. He spent 90 days in jail for it. He spent 16 months in a Massachusetts jail for failure to register. And the issue for him had been whether this was in fact he was required to register because of the length of time and New York statute. In any event, this is an offense that can be dealt with by the states. And when the feds have to intervene, it should be done in the right form. Article III, the Sixth Amendment, tried where the crime is committed. There is no crime. There's not even a beginning of the crime. And I think Carr, when you look at the way Hasledge, the court in Hasledge looked at that, again, it's the Emperor's New Clothes. There is no beginning until those three days have passed. And even Hasledge said when you have a situation where someone thereafter gets in their caravan or just goes to another state or continues to failure to register, this is the federal system. There's nothing to keep them from either calling New York or prosecuting them in New York. And that is where the law, the Constitution, and federal criminal rule 18 say it should have happened. And it's still perplexing to me that this prosecution went forward in this arena because I think actually what happened is that they thought he had to register in Massachusetts and that he failed to do so. And once Nichols was involved, and by the way, Nichols was decided after Carr, once Nichols came about and made clear that that in itself is not a crime, that changed the whole notion of the indictment. And honestly, what should have happened in this case is they should have dismissed the indictment because it really was not the crime. The crime was in New York. It should have been prosecuted in New York where my client was residing at that time. And so in the absence of that, you will have these absurd situations. That is what Your Honor's questions indicated, but also what was indicated in the Hasledge case. We don't need this to be read as a conduct. It makes sense that it's circumstantial because you have to have the federal authority, especially in an arena where the states are already fully involved and have an obligation to enforce it. But to get to that, if you add that as a conduct element, without a menswear, without a temporality, it would be absurd. And you would have the situation where you go out to see the foliage and you're not even working in New Hampshire and you stay overnight for three days. And you decide to live there forever. If we thought that it was so absurd that that can't be the right way to read it, what would that do to your argument? In other words, if in fact what the statute means is that the registration crime can be prosecuted under this federal statute only if the travel is somehow in relation to or the but-for cause of the registration requirement. If you read that into it? Maybe we have to do that just to make it past Commerce Clause analysis. But if we did that, would it still be a circumstance crime then? Circumstance element? Yes, in a sense. Because that's how you get the federal authority. And that's really why it's there. In fact, there are lots of aims that Congress has. But the question is, what is the crime? And that's what ultimately everything needs to get distilled down to, that the crime is the failure to register. And there are ways to promote that and make sure of that, which is by following the statute and waiting for the three days and then New York can prosecute him. Thank you. Absolutely.